COMMONWEALTH *vs.* NICHOLAS D'AGOSTINO (and a companion case.[1]) December 3 1964. Judgment affirmed in each case. At a jury trial under G. L. c. 278, §§ 33A–33G, the defendants, represented by counsel, having been found guilty on indictments charging larceny, conspiracy to commit larceny, assault, and unarmed robbery, were sentenced on the robbery charge only. No motions for directed verdicts were made and no exceptions were taken to the judge's charge. On these appeals the only assignments of error based on exceptions are the denial of motions for new trial made by new counsel. These assignments do not present any question of law raised during the trial, *Commonwealth* v. *Gricus,* 317 Mass. 403, 405, and, since the crimes of which they stand convicted are not capital, no review of the whole case is required under G. L. c. 278, § 33E. Counsel having urged, however, that there has been a miscarriage of justice (*Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25), the entire record has been reviewed, and no basis to disturb the verdicts has been found on evidence that the defendants at 1:30 A.M. on December 12, 1963, near the junction of Routes 1 and 128 in the vicinity of Saugus, intercepted a farmer and his helper who were en route from Canada with a load of 600 Christmas trees consigned to a buyer in Springfield, coerced them to proceed to Boston, and there, by threats inducing fear and deception practised by a third defendant, caused them to give up the trees.

*S. Myron Klarfeld* for the defendant D'Agostino.

*Murray P. Reiser,* Assistant District Attorney, for the Commonwealth.